JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BURKETT,<br><br>     Plaintiff,<br><br>  v.<br><br>BIG HEART PET BRANDS, INC.,<br><br>     Defendant. | Case No. 2:25-cv-07147-FLA (PVCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [DKT. 13]** |

1

## **<u>RULING</u>**

On July 2, 2025, Plaintiff Melissa Burkett ("Plaintiff") initiated this action against Defendant Big Heart Pet Brands, Inc. ("Defendant") in the Los Angeles County Superior Court, Case No. 25STCV19326.  Dkt. 1-1 ("Compl.").[1]  The Complaint alleges causes of action for (1) violation California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), (2) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), and (3) breach of express warranty.  *See generally id.*  Plaintiff seeks actual damages, statutory damages, restitution, disgorgement, injunctive relief, punitive damages, attorney's fees and costs, and pre- and post-judgment interest.  *Id.*

On August 1, 2025, Defendant removed the action to this court based on alleged diversity jurisdiction.  Dkt. 1.  In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity between the parties.  *Id.* ¶ 5.  On October 10, 2025, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("Order to Show Cause").  Dkt. 21.  Defendant filed the sole response ("Response") on October 24, 2025.  Dkt. 27 ("Resp.").

Having reviewed the Notice of Removal and the Response to this court's Order to Show Cause, and for the reasons stated herein, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS the action to the Los Angeles County Superior Court.

/ / /

/ / /

/ / /

---

[1] Citations to the Complaint refer to pages 2–31 of Dkt. 1-1.  The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

## DISCUSSION

### I.      Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### II.     Analysis

Defendant argues it has carried its burden to demonstrate this court's exercise of jurisdiction upon considering actual damages, attorney's fees, and injunctive relief. *See* Resp.  The court addresses each in turn.

/ / /

/ / /

3

## A.    Actual Damages

Here, the amount of damages Plaintiff seeks cannot be determined from the Complaint, as it does not set forth a specific amount.  *See generally* Compl. Defendant concedes "Plaintiff alleges that she purchased only two of the products," Dkt. 27 at 6, which cost approximately $10.50 each, Dkt. 1 at 6.  The court, therefore, assumes for purposes of this Order, without making any related legal or factual determinations, that the amount of actual damages Plaintiff may recover in this action is properly calculated to be $21.00.

Defendant argues two additional categories bring the amount in controversy to over $75,000: attorney's fees and injunctive relief.  *See* Resp.  For the following reasons, however, Defendant fails to demonstrate the amount in controversy under either of these categories brings the action past the jurisdictional threshold.

## B.    Attorney's Fees

Defendant's inclusion of attorney's fees to establish the amount in controversy is speculative and insufficient to meet its burden.  In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes or contracts may be considered in assessing the jurisdictional threshold.  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  Before a court considers fees to determine jurisdiction, a removing defendant must "prove that the amount in controversy (including attorney's fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Id.*  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

While a defendant can estimate fees by identifying awards in other cases, "those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D.

Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020).  Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply."  *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, Case No. 2:20-cv-04779-VAP (MRWx), 2020 WL 4219614, at *3 (C.D. Cal. July 22, 2020).

Here, Defendant asserts it "reasonably expects that Plaintiff's counsel will incur approximately $40,000 in initial motions practice and discovery expenses and will incur at least $40,000 on class certification and summary judgment briefing."  Resp. at 5.  Defendant "assum[es] Plaintiff's counsel charges $500 per hour," and concludes "Plaintiff's counsel would need to only work 151 hours to exceed $75,000."  *Id.*  However, Defendant provides no evidentiary support for these estimations other than its own counsel's declaration stating the numbers are "[b]ased upon [the] law firm's vast experience in similar matters ...."  Dkt. 1-2 ¶ 3.  Defendant, therefore, has failed to demonstrate that any amount of attorney's fees is properly considered when assessing the amount in controversy.

## C.    Injunctive Relief

Where a plaintiff seeks injunctive relief, a court may consider the cost to the defendant of complying with the injunction in determining the amount in controversy.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *In re Ford Motor Co. / Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  "In other words, where the value of plaintiff's recovery … is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional

purposes." *Id.*

Here, Plaintiff seeks an injunction requiring Defendant to cease engaging in allegedly unlawful practices related to Defendant's products stating they contain no artificial preservatives, colors, or flavors despite containing citric acid (which Plaintiff alleges is artificial) and to engage in a corrective advertising campaign. Compl. ¶¶ 3–4, Request for Relief[2] ¶ c. Defendant contends that, "[g]iven the breadth of the injunction Plaintiff seeks, [Defendant]'s cost of compliance would exceed $75,000." Resp. at 6. Defendant, however, does not attempt to quantify the cost of implementing any new policy the requested injunctive relief would require. For instance, Defendant does not attempt to quantify how many products would need to be repackaged or exactly how much a corrective advertising campaign would cost—just that each would cost more than $75,000. *See* Resp. 6–7; Dkt. 27-1 ¶ 5. Simply put, the court has no basis to calculate any costs the requested injunctive relief would impose on Defendant so that the court may consider such costs in determining whether the amount in controversy is met.

/ / /

/ / /

/ / /

---

[2] Citations to the Request for Relief refer to pages 30–31 of Dkt. 1-1.

## **CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000.  The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25STCV19326.  All dates and deadlines in this court are VACATED.  Defendant's Motion to Dismiss (Dkt. 13) is DENIED as moot.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 2, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge